```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    JOSEPH N. AKROTIRIANAKIS (Cal. Bar No. 197971)
 4  Assistant United States Attorney
         1500 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-2467
         Facsimile: (213) 894-3713
 7       Email: Joseph.Akrotirianakis@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
```

FILED
CLERK, U.S. DISTRICT COURT
AUG - 5 2009

                 UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | )  No. 09-1664M |
|---|---|
| Plaintiff, | ) GOVERNMENT'S NOTICE OF REQUEST |
| v. | ) FOR DETENTION |
| ALFRED NASH VILALLOBOS, | ) |
| Defendant. | ) |

   Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

   ____    1.  <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds</u>:

           ____  a.  offense committed while defendant was on release pending (felony trial), (sentencing) (appeal) or on (probation) (parole);

           ____  b.  alien not lawfully admitted for permanent residence;

           ____  c.  flight risk;

```
                    ____  d.   danger to community.
      X      2.   Pretrial Detention Requested (§ 3142(e)) because no
                  condition or combination of conditions will
                  reasonably assure against:
             X  a.   danger to any other person or the community;
             X  b.   flight.
      ____   3.   Detention Requested Pending Supervised
                  Release/Probation Revocation Hearing (Rules
                  32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):
             ____ a.   Defendant cannot establish by clear and
                       convincing evidence that he/she will not pose a
                       danger to any other person or to the community;
             ____ b.   Defendant cannot establish by clear and
                       convincing evidence that he/she will not flee.
      ____   4.   Presumptions Applicable to Pretrial Detention (18
                  U.S.C. § 3142(e)):
             ____ a.   Title 21 or Maritime Drug Law Enforcement Act
                       ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense
                       with 10-year or greater maximum penalty
                       (presumption of danger to community and flight
                       risk);
             ____ b.   offense under 18 U.S.C. § 924(c) (firearm
                       used/carried/possessed during/in relation to/in
                       furtherance of crime), § 956(a), or § 2332b
                       (presumption of danger to community and flight
                       risk);
             ____ c.   offense involving a minor victim under 18 U.S.C.
```

|   |   |   |
|---|---|---|
|   |   | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
| ____ | d. | defendant currently charged with (I) crime of violence, (II) offense with maximum sentence of life imprisonment or death, (III) Title 21 or MDLEA offense with 10-year or greater maximum sentence, or (IV) any felony if defendant previously convicted of two or more offenses described in I, II, or III, or two or more state or local offenses that would qualify under I, II, or III if federal jurisdiction were present, or a combination of such offenses, AND defendant was previously convicted of a crime listed in I, II, or III committed while on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| X | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
| ____ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or |

3

```
                        more;
         ____  b.  an offense for which maximum sentence is life
                   imprisonment or death;
         ____  c.  Title 21 or MDLEA offense for which maximum
                   sentence is 10 years' imprisonment or more;
         ____  d.  instant offense is a felony and defendant has two
                   or more convictions for a crime set forth in a-c
                   above or for an offense under state or local law
                   that would qualify under a, b, or c if federal
                   jurisdiction were present, or a combination or
                   such offenses;
         ____  e.  any felony not otherwise a crime of violence that
                   involves a minor victim or the possession or use
                   of a firearm or destructive device (as defined in
                   18 U.S.C. § 921), or any other dangerous weapon,
                   or involves a failure to register under 18 U.S.C.
                   § 2250;
          X    f.  serious risk defendant will flee;
         ____  g.  serious risk defendant will (obstruct or attempt
                   to obstruct justice) or (threaten, injure, or
                   intimidate prospective witness or juror, or
                   attempt to do so).
   ____  6.  Government requests continuance of ____ days for
             detention hearing under § 3142(f) and based upon the
             following reason(s):
             _____
             _____
```

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | ___    7.   Good cause for continuance in excess of three days |
| 4 | exists in that: |
| 5 | _____ |
| 6 | _____ |
| 7 | _____ |
| 8 | |

DATED: August 5, 2009                Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

*Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA