```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    JOSEPH N. AKROTIRIANAKIS (Cal. Bar No. 197971)
 4  Assistant United States Attorneys
         1100 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-2467
         Facsimile: (213) 894-6269
 7       Email:     joseph.akrotirianakis@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
```

FILED  2009 AUG -4 AM 10:16

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. 09-1664M |
|---|---|
| Plaintiff, | ) GOVERNMENT'S EX PARTE APPLICATION |
| | ) FOR ORDER SEALING ARREST WARRANT, |
| v. | ) COMPLAINT, AND SUPPORTING |
| | ) AFFIDAVIT; MEMORANDUM OF POINTS AND |
| ALFRED NASH VILLALOBOS, | ) AUTHORITIES; DECLARATION OF |
| | ) ASSISTANT UNITED STATES ATTORNEY |
| Defendant. | ) JOSEPH N. AKROTIRIANAKIS |
| | ) |
| | ) **UNDER SEAL** |

The government hereby applies <u>ex parte</u> for an order directing that the complaint and supporting affidavit and arrest warrant in the above-titled case, together with this <u>ex parte</u> application, the memorandum of points and authorities, the declaration of Assistant United States Attorney Joseph N. Akrotirianakis, and this Court's sealing order, be kept under seal until the arrest of defendant.

//
//
//

This ex parte application is based on the attached memorandum of points and authorities, and declaration of Assistant United States Attorney Joseph N. Akrotirianakis.

DATED: August 3, 2009

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

*Joseph N. Akrotirianakis*

JOSEPH N. AKROTIRIANAKIS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the arrest warrant, complaint, and supporting affidavit in this case in order to maintain the integrity of this investigation. Approval from this court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g). In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240,

1247 (5th Cir. 1997).

    Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. The government accordingly requests that the documents described in the attached declaration be maintained under seal until further order of the Court.

## DECLARATION OF JOSEPH N. AKROTIRIANAKIS

I, Joseph N. Akrotirianakis, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of United States v. Alfred Nash Villalobos, in which the government has submitted an affidavit in support of a complaint and arrest warrant.

2. Defendant has not been taken into custody on the charge contained in the concurrently-filed criminal complaint and has not been informed that he is being named as a defendant in the complaint. The likelihood of apprehending defendant might be jeopardized if the affidavit in this case were made publicly available before defendant is taken into custody on the complaint.

3. In addition, the search warrant in this case has not yet been executed. The likelihood of discovering the items sought in the search warrant might be jeopardized if the affidavit in support of the search warrant in this case were made publicly available before the warrant is executed.

4. Accordingly, the government requests that the complaint, arrest warrant, and affidavit in support of the complaint in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Assistant United States Attorney Joseph N.

//
//
//
//

1

1  Akrotirianakis, and this Court's sealing order, be kept under
2  seal until the arrest of defendant.
3      I declare under penalty of perjury, under the laws of the
4  United States of America, that the foregoing is true and correct.
5      Executed this 3d day of August 2009, at Los Angeles,
6  California.

*Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
Assistant United States Attorney